**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                                      PLAINTIFF

v.                                                  No. 4:00CR00166 JLH

CANDY L. JACKSON                                                                                                  DEFENDANT

**OPINION AND ORDER**

On August 3, 2000, Candy L. Jackson entered a plea of guilty to a one count information charging misappropriation of funds by a bank employee in violation of 18 U.S.C. § 656. The information charged that Jackson embezzled bank funds totaling $18,882.68.

On June 5, 2006, Jackson filed a motion for expungement of her record and a brief in support. The Court denied her motion by Order dated June 14, 2006. In that opinion, this Court followed *United States v. Meyer*, 439 F.3d 855 (8th Cir. 2006), where the Eighth Circuit held that a district court's ancillary jurisdiction to expunge criminal records does not extend to expungement of a conviction where the petitioner asserts solely equitable grounds. *Id*. at 861-62. Jackson sought expungement solely on equitable grounds. She did not allege that her conviction was in any way invalid or illegal. She did not rely on any constitutional provision or statute authorizing a district court to expunge her criminal conviction. Therefore, this Court held that it lacked jurisdiction to expunge her record.

On May 16, 2011, Jackson filed a *pro se* motion to have her criminal record sealed. Although she does not use the term *expungement*, in effect that is what she is requesting. She wants to be able to obtain a job without disclosing that she has a felony conviction, and she would like to start voting again, so she is asking that her felony conviction be expunged even though she does not use that term.

As with her previous motion for expungement, Jackson relies solely on equitable grounds. She does not allege that her conviction was in any way invalid or illegal. She does not rely on any constitutional provision or statute authorizing a district court to expunge her criminal conviction. Essentially she argues that her record should be sealed because this is her one and only criminal conviction and because the existence of the conviction is an impediment to obtaining jobs and accomplishing other things that she wishes to accomplish. She says that she "deserves a second chance" and that she wants a second chance.

The Court is not unsympathetic to Jackson's plight. If the Court had the authority to seal the record and expunge the conviction, Jackson would be a good candidate for that relief. The Court does not, however, have that authority.[1] Accordingly, Jackson's motion to have her criminal record sealed is denied. Document #22.

IT IS SO ORDERED this 24th day of May, 2011.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] The President, however, has the authority to grant pardons and executive clemency. *See* http://www.justice.gov/pardon/.